Tomás Robles, peticionario, v. Corte de Distrito de Guayama, Hon. Gabriel Castejón, Juez, demandada.

No. 819.—*Resuelto:* Marzo 28, 1932.

*C. Domínguez Rubio,* abogado del peticionario.

EN MOCION DE RECONSIDERACION

El Juez Asociado Señor Wolf, emitió la opinión del tribunal.

Se trata de un caso en que la Comisión Industrial concedió a un obrero la suma de $247.50 como resultado de un accidente durante el cual el obrero recibió un golpe en el ojo derecho. La defensa del patrono, según inferimos, fué que como el obrero ya era ciego de su ojo derecho, un golpe en ese órgano no le daba derecho a recibir compensación. La teoría de la Comisión fué que el golpe produjo una desfiguración que dificultaría al obrero conseguir trabajo. En apelación, conforme revela su opinión, la corte de distrito no creyó que la prueba justificaba la decisión de la Comisión Industrial, mas confirmó la sentencia por otros fundamentos, de acuerdo con el caso de *White Star Bus Line, Inc.,* v. *Corte,* 41 D.P.R. 532, y de conformidad con consideraciones generales. Empero, la corte llegó a la conclusión de que aunque el obrero era ciego, el accidente agravó el estado físico del ojo y dió por resultado su enucleación. De ahí que la resolución de la Comisión Industrial fuese confirmada.

Se presentó un recurso de *certiorari* ante esta corte. Tuvimos la impresión de que el caso era similar a otros presentados y mediante una resolución *per curiam* denegamos el auto, esencialmente por el fundamento de que aunque el procedimiento o la jurisdicción de la Comisión Industrial quizá podía ser atacado, la decisión de la corte de distrito no podía serlo. El peticionario, en una moción para reconsiderar, asume la posición de que está atacando el procedimiento o la jurisdicción de la corte de distrito misma.

██ Lo que el peticionario sostiene es que cuando la corte de distrito resolvió que la Comisión Industrial estaba equivocada y que no había tal desfiguración que impidiera al obrero trabajar, dicha corte debió haber devuelto el caso para que la Comisión Industrial dictara una nueva resolución; que la corte de distrito no tenía jurisdicción para dictar una resolución independiente. El peticionario sostenía además, que la actuación de la corte privó a la Comisión Industrial de su jurisdicción.

El peticionario no nos convence de que la corte de distrito, al igual que este tribunal, no pueda dictar en apelación la decisión que el organismo inferior pudo o debió dictar, y el caso de *White Star Bus Line, Inc.*, v. *Corte, supra,* sostiene esta conclusión.

No hemos perdido de vista el argumento de que la corte no debió haber fijado una compensación tan baja, sino que juzgando la naturaleza de la lesión, debió haber concedido una indemnización dentro de un límite más elevado. Suponiendo que esto fuera un error, el peticionario no nos convence que fuese de procedimiento o de jurisdicción.

La decisión de la Comisión fué confirmada, no importa cuál fuera el razonamiento de la corte de distrito. Por tanto, no nos desviamos mucho al resolver que no se había cometido error de procedimiento o de jurisdicción.

*Debe declararse sin lugar la moción.*