Tomás Robles, peticionario, *v.* La Corte de Distrito de Guayama, Hon. Gabriel Castejón, Juez, demandada.

No. 819.—*Sometido:* Junio 15, 1932. *Resuelto:* Abril 28, 1933.

*C. Dominguez Rubio,* abogado del peticionario; *Juan B. Soto,* abogado de la interventora Maryland Casualty Co., aseguradora del patrono.

El Juez Asociado Señor Wolf, emitió la opinión del tribunal.

Después de varias órdenes preliminares este caso se encuentra ante nos con motivo de una vista señalada para determinar si debe expedirse o no un auto de *certiorari.*

El peticionario Tomás Robles presentó ante la Comisión Industrial de Puerto Rico una petición en solicitud de compensación con motivo de un accidente ocurrídole el 26 de noviembre de 1930. El patrono Miguel Rivera estaba asegurado con la Maryland Casualty Company.

La Comisión Industrial resolvió que él tenía derecho a recibir compensación a causa de la enucleación de un ojo que le produjo una desfiguración y le concedió la suma de $247.50. La Maryland Casualty Company apeló para ante la corte de distrito al igual que el obrero. De los autos o de las admisiones de las partes aparece suficientemente que Tomás Robles, un número de años antes había sufrido un accidente a consecuencia del cual perdió prácticamente la visión del ojo derecho. Él todavía podía distinguir bultos. Debido al accidente sufrido el 26 de noviembre de 1930, recibió otro golpe en el ojo derecho que hizo necesaria la enucleación. La Comisión Industrial basó su sentencia en la teoría de que la desfiguración le haría difícil conseguir trabajo y que en su consecuencia tenía derecho a recibir compensación.

A virtud de estipulación el recurso interpuesto por el patrono fué visto primeramente. Este sostenía que el caso de la enucleación de un ojo, falto ya de visión, no estaba comprendido por la ley. Parece ser cierto que si años antes un obrero sufre un accidente, como en el presente caso, por el

cual quizá hubiese tenido derecho a compensación, por pérdida de la vista, él no podría ahora obtener indemnización solamente por la enucleación mencionada en la Ley de Indemnizaciones a Obreros. Según el patrono, la ley se refiere a casos en que la enucleación produce la pérdida de la vista. Aparentemente, teniendo esto presente, la Comisión Industrial resolvió, en el ejercicio de su discreción, que el obrero tenía derecho a alguna compensación por la desfiguración. Al emitir su fallo en el primer recurso de apelación, la corte, podría decirse que discrecionalmente, tomó la posición de que por un impedimento ulterior de la vista la Comisión estaba justificada en conceder alguna compensación, y fijó la misma suma.

■ ■ ■ En el segundo recurso, el del obrero, la corte también escribió una opinión. La corte indicó que para una enucleación la ley concedía de $520 a $1,040, pero que disponía además que para cualquiera otra incapacidad parcial permanente no especificada, la concesión debía graduarse de conformidad con el caso de incapacidad más inmediato. La corte fué de opinión de que el estado de visión anterior debía ser considerado y de que la concesión hecha por la Comisión era justa y debía ser confirmada.

El peticionario sostiene que la Corte de Distrito de Guayama no tenía jurisdicción para dictar la sentencia que dictó, sino que habiendo resuelto que la lesión recibida por el peticionario era distinta a la hallada por la Comisión, los procedimientos debieron haberse devuelto a la Comisión Industrial a fin de que dicho organismo pudiera determinar la cuantía de la indemnización.

El juez que suscribe tenía algunas dudas respecto a si el recurso de *certiorari* procede en un caso como el presente, mas está ahora convencido de que sí procede; en otras palabras, de que tenemos ante nos un "caso" o una "causa," tal cual estas palabras son definidas por la ley de *certiorari*.

De todos modos, el auto de *certiorari* es en gran parte discrecional y según los hechos de este caso dudamos que

deba sostenerse el auto aun si estuviésemos convencidos de que la corte de distrito ha cometido algún error de jurisdicción o de procedimiento.

Convenimos con la corte de distrito y con el patrono en que la primera al apelarse para ante ella de la Comisión Industrial, tenía derecho a considerar el caso como un juez de equidad y a resolverlo tal cual pudo hacerlo la Comisión Industrial. *White Star Bus Line Inc.* v. *Corte de Distrito,* 41 D.P.R. 526. En su consecuencia, la actuación de la corte de distrito no sería un error de jurisdicción. A lo sumo equivaldría a haber dejado de conceder al obrero la suma a que tenía derecho. Fué una interpretación errónea de la ley, según la entendemos, más bien que el haber dejado de seguir el debido curso de los procedimientos.

Además, si bien el caso no ha estado exento de dudas, el peticionario deja de convencernos de que la corte estuviese equivocada al fijar la cuantía de la indemnización, y habiendo llegado a la conclusión de que se ha hecho justicia substancial, *debe declararse sin lugar la moción de reconsideración.*