Francisco Colón, peticionario, *v.* La Corte de Distrito de Humacao, Hon. Rafael Arjona Siaca, Juez, demandada.

No. 870.—*Sometido:* Enero 9, 1932. *Resuelto:* Mayo 16, 1933.

*Tous Soto & Zapater,* abogados del peticionario; *R. García Quiñones,* abogado del patrono.

EL JUEZ ASOCIADO SEÑOR WOLF, emitió la opinión del tribunal.

Con motivo de la enucleación de un ojo, la Comisión Industrial concedió indemnización a Francisco Colón. Francisco H. Morales, el alegado patrono, recurrió ante la Corte de Distrito de Humacao. En la vista celebrada ante la corte de distrito, Morales compareció por mediación de su abogado, y la Comisión Industrial por conducto del fiscal de distrito. El obrero no estuvo representado en la vista ante la corte de distrito. Una de las cuestiones suscitadas por el supuesto patrono fué si Francisco Colón era, en efecto, empleado suyo al ocurrir el accidente. El recurrente también alegó que ante la Comisión Industrial se adujo *ex parte* cierto testimonio.

La corte de distrito estuvo conforme con el recurrente en ambos extremos, y resolvió que Francisco H. Morales no tenía responsabilidad alguna.

Posteriormente fué presentada ante este tribunal una solicitud de *certiorari.* No trataremos de entrar en un análisis de la evidencia respecto a si Francisco Colón era o no un empleado. Quizá si se hubieran levantado ante este tribunal ciertas cuestiones de jurisdicción y Colón hubiese comparecido en la corte inferior, deberíamos examinar la evidencia para determinar si un cambio sería factible como resultado de la devolución del caso.

Resulta que al obrero Colón no se le dió la oportunidad de ser oído en la corte de distrito. La ley no requiere específicamente que se notifique al obrero del recurso, pero estamos convencidos de que debe dársele la oportunidad de ser oído.

Por ejemplo, hemos resuelto en *White Star Bus Line* v. *Corte de Distrito,* 41 D.P.R. 526, 817, y *Robles* v. *Corte de Distrito,* 44 D.P.R. 967, que la corte de distrito tiene plena autoridad para oír el caso y resolverlo, y no está obligada a devolverlo a la comisión. Estas decisiones envuelven la idea de que hay cuestiones en controversia a ser oídas.

La persona primariamente interesada en sostener el fallo que dictó la comisión es el obrero; y aunque quizá no tengan que seguirse todas las formalidades de una notificación, sin embargo, a tenor del artículo 36 del Código de Enjuiciamiento Civil, la corte debe dar los pasos adecuados para que el obrero tenga la oportunidad de ser oído. Según hemos indicado, los estatutos guardan silencio sobre este punto, pero la conclusión dimana del principio general del derecho adjetivo, *audi alteram partem.*

*Debe anularse la sentencia de la Corte de Distrito de Humacao y devolverse el caso a esa corte para ulteriores procedimientos no incompatibles con esta opinión.*