GREAT AMERICAN INDEMNITY CO. y GARZOT & FUERTES, peticionarios, *v.* LA CORTE DE DISTRITO DE HUMACAO, HON. R. ARJONA SIACA, JUEZ, demandada.

No. 990.—*Sometido:* Diciembre 27, 1934. *Resuelto:* Enero 18, 1935.

*J. Valldcjuli Rodríguez*, abogado de los peticionarios; *J. Paniagua Serracante* y *V. Géigel Polanco*, abogados de la sucesión del obrero fallecido.

EL JUEZ ASOCIADO SEÑOR ALDREY, emitió la opinión del tribunal.

A instancia del patrono Gazort & Fuertes y de su asegurador Great American Indemnity Co. hemos librado un auto de *certiorari* a la Corte de Distrito de Humacao para revisar sus procedimientos y sentencia en un caso promovido ante la Comisión Industrial por los herederos de Andrés Astacio para que se les conceda indemnización por la muerte de su padre, ocurrida como consecuencia de un accidente de su trabajo. Esos herederos nos piden ahora que anulemos el auto que hemos librado.

La Comisión Industrial por dos de sus tres miembros negó la solicitud de los herederos del obrero fundándose en que de la evidencia que se le presentó no resulta probado que la muerte de Andrés Astacio fuera consecuencia de un accidente de su trabajo y en que él ni persona alguna dió aviso al patrono de que hubiera tenido accidente alguno en su trabajo hasta después de algunos días de haber fallecido.

Al conocer la Corte de Distrito de Humacao de ese asunto en grado de revisión concedido por la ley e interpuesta por los herederos del obrero, dictó sentencia declarando que la evidencia que tuvo ante sí la Comisión Industrial es suficiente para probar que Andrés Astacio murió como consecuencia de un golpe que recibió mientras estaba trabajando para su patrono Garzot & Fuertes, y que el obrero no tenía deber impuesto por la ley de dar aviso del accidente a su patrono, por lo que decretó que el patrono o su asegurador consignase la cantidad de $1,800 para ser entregada como indemnización a los herederos de dicho obrero.

No alegan los peticionarios del auto error alguno de procedimiento en la corte inferior y como se trata en este caso de un auto de *certiorari* y no de apelación, pues la ley no la concede contra las sentencias que las cortes de distrito dictan en casos como el presente, no examinaremos la prueba. Lo que sostienen el patrono y su asegurador es que la Corte de Distrito de Humacao estaba impedida de investigar la evidencia que tuvo ante sí la Comisión Industrial para hacer sus propias conclusiones. Entendemos esa alegación en el sentido de que la corte de distrito carecía de jurisdicción para examinar la prueba que se presentó ante la Comisión Industrial y, consiguientemente, para llegar a conclusión distinta a la de la mayoría de la comisión. Sin embargo, esa cuestión ha sido decidida por nosotros en sentido contrario a lo expuesto por los peticionarios, pues en los casos de *White Star Bus Line, Inc.* v. *Corte,* 41 D.P.R. 526, de *Robles* v. *Corte,* 43 D.P.R. 280 y de *Robles* v. *Corte,* 44 D. P.R. 967, hemos declarado que la corte puede revisar la prueba y dictar la sentencia que debió haber pronunciado la Comisión Industrial.

Otro de los motivos alegados por los peticionarios del auto de *certiorari* es que ni el patrono ni su asegurador tuvieron oportunidad de examinar e investigar el accidente, si ocurrió, porque el informe al patrono se hizo después de haber sido sepultado el obrero; cuestión que podemos considerar

como que dice que a falta de tal aviso al patrono la corte no tiene autoridad para conceder indemnización a los herederos del obrero.

La corte inferior no dice en su sentencia si se dió o no conocimiento del accidente al patrono. Lo que declara es que el obrero no tiene deber impuesto por la ley de dar tal aviso.

No hay precepto alguno en nuestra ley de indemnización por accidentes del trabajo que imponga al obrero el deber de dar tal aviso a su patrono, de tal modo que por no cumplirlo pierda su derecho a la indemnización que deba corresponderle. Quizás tal deber debiera existir por precepto de la ley, como lo han declarado las legislaturas de muchos Estados, evitando así que pueda ocurrir que el accidente en el trabajo llegue a conocimiento del patrono después de algún tiempo de haber muerto el obrero, exponiendo así al patrono a no poder demostrar que no existió tal accidente del trabajo o que la muerte del obrero no fué consecuencia del accidente por el cual se reclama indemnización o también de suministrar asistencia médica al obrero en evitación de graves consecuencias. Esa declaración es función del poder legislativo. A nosotros nos bastará decir que puesto que la ley no impone ese deber al obrero, no tiene obligación de dar tal aviso a su patrono, por lo que no es de importancia si lo dió o no. Es cierto que la sección 5 de la ley dispone que durante el período de inhabilitación el obrero lesionado se dejará tratar y examinar por un médico cirujano competente designado por el patrono o asegurador o por la Comisión Industrial, pero en este caso no se quejan el patrono y su asegurador de que el obrero se negase a ser tratado y examinado por el médico de ellos sino de que no tuvieron noticia del accidente hasta algunos días después de la muerte del obrero, que falleció a los diez días del accidente por el cual reclaman sus herederos.

██ Dicen también los peticionarios que la conducta de la corte de distrito les priva de su propiedad sin el debido proceso de ley, toda vez que ante la Comisión Industrial ni

se discutió la cuantía de la indemnización ni las posibilidades de vida del obrero. Sin embargo, los datos necesarios para fijar la cuantía constan en los autos de la Comisión Industrial, de tal modo que en el voto disidente se fija la cuantía de la indemnización, que fué un poco mayor que la concedida por la corte. Pero, aparte de lo que acabamos de decir, ya hemos resuelto en el caso de *Robles* v. *Corte,* 43 D.P.R. 280, antes citado, que el error de la corte de distrito al fijar la cuantía de la indemnización, de existir, no es uno de procedimiento o jurisdicción que justifique la expedición de un auto de *certiorari* contra dicha corte.

*Como consecuencia de lo expuesto debemos anular el auto de* certiorari *expedido en este caso.*