MIGUEL AMENGUAR, obrero, *v.* LA COMISIÓN INDUSTRIAL DE PUERTO RICO.

No. 1.—*Sometido:* Noviembre 4, 1935. *Resuelto:* Noviembre 6, 1935.

*V. Polanco de Jesús,* abogado del peticionario.

El Juez Presidente Señor Del Toro, emitió la opinión del tribunal.

Es éste el primer recurso de revisión establecido para ante esta Corte Suprema contra una resolución de la Comisión Industrial de acuerdo con el artículo 11 de la Ley núm. 45 de 1935 para promover el bienestar de los habitantes de El Pueblo de Puerto Rico, en o referente a accidentes que causen la muerte o lesiones, o enfermedades o muerte derivadas de la ocupación de los trabajadores en el curso de su empleo, Leyes de 1935, págs. 251, 289, que dice:

"Artículo 11.—Cualquiera parte interesada podrá presentar copias certificadas de una orden o decisión de la Comisión Industrial, de acuerdo con esta Ley, contra la cual se haya radicado petición de revisión y haya recaído resolución de ésta, de la que podrá solicitarse revisión ante la Corte Suprema de Puerto Rico dentro del término de quince .(15) días después de su notificación; *Disponiéndose,* que dicha revisión solamente podrá concederse sobre cuestiones de derecho."

La ley que regía anteriormente sobre la materia, o sea la núm. 85 de 1928, sección 15, Leyes de 1928, págs. 631 y 657, otorgaba el recurso para ante la corte del distrito en que ocurriera el accidente y expresamente disponía que "Las decisiones de la corte tendrán el mismo efecto que una sentencia dictada en juicio, pero no se dará apelación contra dicha sentencia."

No sólo varió la Legislatura el procedimiento en cuanto a la corte para ante la cual debía interponerse el recurso, si que también en cuanto al alcance de éste, fijando además como condición previa para interponerlo la de pedir a la propia Comisión la reconsideración de su orden o decisión, dándole así una nueva oportunidad de examinar el caso antes de pasar a la jurisdicción de esta corte.

■ La sección 15 de la citada Ley núm. 85 de 1928 disponía que:

"Cualquiera parte interesada podrá presentar copias certificadas de una orden o decisión de la Comisión Industrial o de una decisión de un Comisionado contra la cual no se haya radicado petición de revisión ante la Comisión en tiempo hábil o del *memorandum* del acuerdo entre las partes, aprobado por la Comisión Industrial, ante la corte de distrito del distrito en que ocurrió el accidente solicitando la revisión de éste en el término de diez días después de la notificación. La corte ordenará a la Comisión Industrial la remisión del récord del caso, oirá a las partes en controversia, dictará la decisión pertinente y notificará a las partes."

E interpretando ese precepto legal esta Corte Suprema en el caso de *Great American Indemnity Co.* v. *Corte,* 47 D.P.R. 927, 929, dijo:

"Lo que sostienen el patrono y su asegurador es que la Corte de Distrito de Humacao estaba impedida de investigar la evidencia que tuvo ante sí la Comisión Industrial para hacer sus propias conclusiones. Entendemos esa alegación en el sentido de que la corte de distrito carecía de jurisdicción para examinar la prueba que se presentó ante la Comisión Industrial y, consiguientemente, para llegar a conclusión distinta a la de la mayoría de la comisión. Sin embargo, esa cuestión ha sido decidida por nosotros en sentido contrario a lo expuesto por los peticionarios, pues en los casos de White Star Bus Line, Inc. v. Corte, 41 D.P.R. 526, de Robles v. Corte, 43 D.P.R. 280 y de Robles v. Corte, 44 D.P.R. 967, hemos declarado que la corte puede revisar la prueba y dictar la sentencia que debió haber pronunciado la Comisión Industrial."

Mientras que ahora por mandato expreso de la ley la "revisión solamente podrá concederse sobre cuestiones de derecho."

A la luz de lo expuesto veamos si la revisión procede en este caso concreto.

El peticionario sostiene que la resolución de la Comisión Industrial es errónea por los siguientes motivos:

"A.—Porque para la resolución la Comisión se basa en un informe y opinión del Juez de la Corte Municipal de Ciales, en vez de

basarse sobre las declaraciones de los testigos que tuvo ante sí la Comisión al celebrar las dos vistas de este caso.

"B.—Porque aunque la Comisión dice:

" 'Hemos oído declarar todos los testigos, y somos de opinión y resolvemos que Miguel Amenguar no era un obrero al servicio del patrono Suc. de Arturo Núñez el día 30 de mayo del año 1933, y de que el accidente sufrido por Miguel Amenguar el día 30 de mayo de 1933 no fué un accidente del trabajo.'

"Esto no obstante la Comisión no tuvo ante sí otra prueba que la prueba testifical que se practicó por el obrero en la primera vista del caso el día 24 de agosto de 1934, que era prueba directa de todos los hechos, en tanto que la que tuvo ante sí en 23 de septiembre de 1935 consistente en las declaraciones juradas de Tomás López Jr., Juan Pagán Carrer, Martín Barrios, Ceferino Marrero Arvelo y don Sabás Honoré, toda es prueba de manifestaciones de otras personas, de dichos, de conclusiones, no siendo ni siquiera prueba circunstancial.

"C.—Porque la resolución es contraria a la prueba ya que prueba directa de los hechos no contradicha ni tachada de falta de veracidad, es desechada para darle crédito a testigos no presenciales de los hechos y que sólo declaran de referencia."

Toda la fuerza que pudiera tener lo consignado en el párrafo A, a los efectos de levantar alguna cuestión de derecho, queda destruída por lo que se dice en el párrafo B. Y en cuanto al motivo C, bastará decir que es claramente insuficiente.

A la solicitud se acompaña copia de la resolución de la Comisión que contiene una narración de los procedimientos seguidos. Si alguna duda pudiera existir después de la sola lectura de la solicitud, desaparecería al leer la resolución que complementa lo dicho por el peticionario en el segundo de los errores señalados.

Por virtud de todo lo expuesto y además porque no consta que se pidiera a la propia Comisión Industrial la reconsideración de la resolución recurrida y dicha reconsideración fuera negada, *debe declararse no haber lugar al recurso.*