RICARDO ÁGUILA, lesionado y apelado, *v.* MARIO JULIÁ, patrono (no asegurado) y apelante.

Núm. 2.—*Sometido:* Mayo 18, 1936. *Resuelto:* Noviembre 18, 1936.

*C. H. Juliá,* abogado del apelante; *Susoni, Jr. & Defendini,* abogados del apelado.

EL JUEZ ASOCIADO SEÑOR WOLF, emitió la opinión del tribunal.

El apelante, un patrono, trata de revisar una sentencia dictada en su contra. El empleado solicita la desestimación por dos motivos:

1. Porque la apelación se interpuso demasiado tarde. A este respecto no hemos podido seguir la argumentación, aunque puede que el apelado esté en lo cierto; y

2. Porque no había cuestión de derecho envuelta, y nos inclinamos a convenir con ello, según se verá en nuestra discusión del caso en sus méritos.

Entrando en éstos, la idea del apelante era que el accidente estaba excluído del campo de indemnización. La ley (núm. 45 de 1935, pág. 263, Sec. 3) dispone que la hernia, de la cual padecía el apelado, no debe ser el mero resultado de un esfuerzo. El apelado trabajaba en la Clínica del Dr. Juliá, y fué atacado repentinamente por un paciente loco, lesionado, y según él tuvo un ataque de hernia. La lesión entonces, a nuestro juicio, no procedía solamente de un mero esfuerzo. El que la hernia no fuera descubierta inmediatamente o el que el obrero no se quejara por algún tiempo, son cuestiones que se dirigen a los méritos, plantean puntos de hecho y no envuelven cuestión alguna de derecho.

*Aunque el recurso podría quizá ser desestimado por el primer motivo, preferimos confirmar la resolución apelada.*

El Juez Presidente Señor del Toro no intervino.

EN MOCIÓN DE RECONSIDERACIÓN

Diciembre 9, 1936.

El Juez Asociado Señor Wolf, emitió la opinión del tribunal.

 Se trata de una moción de reconsideración en que el apelante, según vemos, meramente se opone a la interpretación dada por la Comisión Industrial a aquella parte del párrafo tercero de la sección 3 de la Ley núm. 45 de 1935 (Leyes de ese año, pág. 263) que lee:

" . . . . Y *disponiéndose, también,* que en casos de hernia, como resultado de accidente en el curso del trabajo deberá comprobarse a satisfacción del Administrador:

"(*a*) Que ocurrió un accidente que no fué un simple esfuerzo que causó o agravó la hernia.

"(*b*) Que la hernia apareció en cualquiera de estas dos formas inmediatamente después del accidente y como consecuencia de éste."

La objeción específica se refiere al significado del subinciso (*b*) supra. En nuestra opinión, las dos formas a que es aplicable esa disposición necesariamente tienen que ser el accidente que causa o agrava la hernia. Por tanto, la única cuestión posible de derecho envuelta en el caso ha sido ahora resuelta por nosotros, de ser necesaria tal decisión. Todas las demás cuestiones envueltas son de hecho, incluyendo si la hernia apareció o no inmediatamente. Se ha sostenido repetidamente que a una palabra como *"inmediatamente"* debe dársele siempre una interpretación razonable.

 Aunque la interpretación dada por la Comisión Industrial difiere de la nuestra, nada de lo seguido por el apelante como cuestión de derecho puede afectar posiblemente la decisión que se trata de revisar.

*Se declara sin lugar la reconsideración.*

El Juez Presidente Señor del Toro, no intervino.