. Paula Colón Vda. de Rodríguez, Etc., recurrentes, *v.* Comisión Industrial de Puerto Rico, Etc., demandada; Administrador del Fondo del Seguro del Estado, asegurador.

Núm. 232.—*Sometido:* Enero 19, 1942. *Resuelto:* Enero 31, 1942.

*Edelmiro Soldevila,* abogado de los recurrentes; *Hon. Procurador General George A. Malcolm, M. Rodríguez Ramos, Procurador General Auxiliar* y *G. Atiles Moréu,* abogado éste del Fondo del Estado, abogados del asegurador.

El Juez Asociado Señor Snyder emitió la opinión del tribunal.

Ésta es una petición de revisión solicitando se revoque una resolución de la Comisión Industrial. La Comisión Industrial confirmó la decisión del Administrador del Fondo

del Seguro del Estado denegando compensación basándose en que ''el obrero murió como consecuencia de la ruptura de un aneurisma de la aorta ascendente, mientras trabajaba en su oficio de celador de edificios del patrono en Caguas, sin que ocurriera accidente alguno del trabajo.''

No está en controversia el hecho de que Rafael Rodríguez, el obrero en este caso, era un sereno empleado por la Eastern Sugar Associates; que una noche fué encontrado muerto dentro de la propiedad de su patrono; que anteriormente el obrero había sufrido de un padecimiento crónico del corazón; y que su muerte ocurrió como resultado de una hemorragia causada por ruptura de la aorta.

Los peticionarios sin embargo alegan que Rodríguez falleció como resultado de un accidente proveniente de y en el curso de su empleo. Su contención es que él murió mientras trataba de sacar un intruso desconocido de la propiedad de su patrono. Ellos alegan que el particular ataque al corazón debido al cual el obrero falleció fué precipitado por la violencia y la conmoción de esta lucha.

Dos testigos declararon sosteniendo la teoría de una lucha entre el fallecido y el intruso desconocido. La comisión se negó a dar crédito a este testimonio. Señalaron varias discrepancias en el testimonio de dichos dos testigos. La comisión eligió dar crédito a otros testigos, como otro sereno de una propiedad contigua, quien quizás tuvo una mejor oportunidad para observar que la que tuvieron los testigos de los peticionarios al efecto de que no ocurrió el incidente, tal cual lo describieron los dos testigos de los peticionarios.

Parece no haber controversia alguna con respecto a cuál es la ley aplicable en este caso. Aparentemente las partes están de acuerdo en que la regla general a ser aplicada en este caso es la establecida en 19 A.L.R. 110, a la página 111:

''Se puede conceder indemnización, aún cuando existiera anteriormente una enfermedad del corazón, si dicha enfermedad se agravara rápidamente por lesión causada por accidente como resultado de un

empleo y durante el mismo y que fuese la causa próxima de la incapacidad o muerte. . . .

"Sin embargo, un empleado no tiene derecho a indemnización por una condición debida a una dolencia anterior del corazón que no sea causada directamente por accidente o lesión personal causada durante el empleo y como consecuencia del mismo."

Al mismo efecto, véanse también: Campbell *on Workmen's Compensation*, vol. 1, secs. 297, 300, págs. 291, 293; *Montaner, Admor.* v. *Comisión Industrial*, 57 D.P.R. 330.

■ También parece que la ley no da lugar a dudas en cuanto a que la muerte de un sereno como resultado de un ataque al corazón proveniente de una lucha con un intruso en la propiedad vigilada por dicho sereno, es compensable. *Montaner, Admor. etc.* v. *Comisión Industrial*, 50 D.P.R. 628; Campbell *on Workmen's Compensation*, vol. 1, sec. 161, pág. 143.

■ Sin embargo, como esta corte ha indicado anteriormente, la "Ley de Compensaciones por Accidentes del Trabajo" de 1935, dispone en su sección 11 que la revisión por esta corte de decisiones finales de la Comisión Industrial "solamente podrá concederse sobre cuestiones de derecho". La enmienda a la sección once aprobada en 1940 (Ley núm. 121 de 1940, pág. 729) no afecta este caso, pues es aplicable únicamente a testimonio pericial. *Amenguar* v. *Comisión Industrial*, 49 D.P.R. 10 y *Aguila* v. *Juliá*, 50 D.P.R. 625, son casos en que esta corte ha seguido dicha sección al negarse a revocar decisiones en las que se atacaban cuestiones de hecho resueltas por la Comisión Industrial. Habiendo la comisión hallado, sobre la base de testimonio contradictorio, que como cuestión de hecho tal episodio no ocurrió, no podemos intervenir con su resolución denegando la compensación.

■ En el caso de *Cardona* v. *Comisión Industrial*, 56 D.P.R. 847, esta corte, a la página 855, cita con aprobación la declaración encontrada en Schneider *on Workmen's Compensation Law*, vol. II, pág. 1855, sec. 527, al efecto de que "una persona encontrada muerta en un lugar donde se supo-

nía que estuviera actuando en el curso de su empleo, se presumirá que ha sido muerta en el curso de su empleo''.  Pero esta presunción puede ser refutada mediante prueba y la Comisión ·Industrial decidió como un hecho procedente de testimonio adecuado ante ella que no había conexión alguna entre la muerte del obrero y sus actividades como empleado.

*La orden apelada debe ser confirmada.*

El Juez Asociado Sr. Travieso no intervino.