FRANCISCO PÉREZ, peticionario, *v.* CORTE DE DISTRITO DE SAN JUAN, HON. RICARDO LA COSTA, JR., JUEZ, demandada.

Núm. 1242.—*Sometido:* Abril 7, 1941. *Resuelto:* Abril 15, 1941.

*Arturo O'Neill,* abogado del peticionario.

EL JUEZ ASOCIADO SEÑOR DE JESÚS emitió la opinión del tribunal.

El auto de *certiorari* no se concede *ex debito justitiæ.* Su expedición descansa única y exclusivamente en la

sana discreción del tribunal. Por esa razón la negativa a expedirlo no tiene que ser fundamentada.

En el presente caso se solicitó un auto de certiorari para revisar la resolución de la Corte de Distrito de San Juan que a moción de la demandada decretó el traslado del pleito de divorcio a la Corte de Distrito de Mayagüez, distrito de su domicilio.

En la solicitud de certiorari el peticionario descansó en la ficción legal a virtud de la cual el domicilio de la esposa se presume ser el del marido. Pero como esta regla no es absoluta y no obstante la ficción, la esposa puede tener en Mayagüez un domicilio separado del de su marido (*Wear* v. *Wear* (1930 Kan.) 72 A.L.R. 425, 438; *Dean* v. *Dean* (1925 N.Y.) 42 A.L.R. 1398; *Glass* v. *Glass* (1927 Mass.) 53 A.L.R. 1157; *Re Daggett*, (1931 N.Y.) 75 A.L.R. 1251) y en tal caso tiene ella derecho a que el pleito se vea en el distrito de su domicilio, denegamos la expedición del auto por no aparecer de la solicitud de manera clara e inequívoca que el domicilio de la demandada o el conyugal, no radicara en Mayagüez, sugiriendo así al peticionario, la enmienda consiguiente, si es que podía hacerla congruente con la verdad. Entendiéndolo así, radicó el peticionario una solicitud complementaria en la que para acreditar el domicilio conyugal transcribe el párrafo 3°. de la demanda de divorcio, a saber:

"3. Que el demandante y la demandada no han aquirido bienes gananciales de ninguna especie ni privativos durante el matrimonio; que el demandante y la demandada han residido en el distrito judicial de San Juan, por más de un año con antelación a la radicación de esta demanda."

No consta que la demanda de divorcio estuviera jurada y aunque el abogado del peticionario jura que dicho párrafo tercero ha sido fielmente transcrito, ese juramento sólo garantiza la exactitud de la transcripción, mas no la verdad de su contenido. Copió además el peticionario en su solicitud complementaria el affidavit de méritos que a la moción de traslado acompañó la demandada, en el cual asegura ésta

que "fué y es residente del pueblo de Sabana Grande, territorio de la Corte de Distrito de Mayagüez, sin que haya renunciado al derecho de domicilio." En tales circunstancias no creemos hacer buen uso de nuestra discreción expidiendo el auto ya que con ello obligaríamos a la demandada a incurrir en los gastos consiguientes para sostener en este tribunal la orden de traslado dictada a su favor.

Al exigir la prueba afirmativa e inequívoca antes aludida, esperábamos que el peticionario bajo juramento expresase específicamente el sitio dentro del distrito judicial de San Juan donde como cuestión de hecho marido y mujer habían establecido el domicilio conyugal; pero el peticionario no lo hizo, y al declararse no haber lugar a la petición complementaria, insiste en un supuesto derecho a que se le expongan las razones de la negativa.

Aunque no estamos obligados a hacerlo y sin que ello siente precedente, lo expuesto contesta satisfactoriamente, a nuestro juicio, la moción del peticionario radicada el 7 del actual.

*Procede, por lo expuesto, ratificar nuestra resolución de abril 1, 1941.*