230

BULL INSULAR LINE, INC., y HOME INSURANCE COMPANY, peticionarias, *v.* TRIBUNAL SUPERIOR DE PUERTO RICO, SALA DE SAN JUAN, HON. J. CORREA SUÁREZ, JUEZ, demandado, LAWRENCE R. CONRAD, interventor.

Números 2114 y 2115.
*Sometidos:* 6 de marzo de 1956.   *Resueltos:* 30 de abril de 1956.

*Charles R. Hartzell, Rafael O. Fernández, P. Juvenal Rosa, José L. Novas, Daniel F. Kelly, Jr., Vicente M. Ydrach* y *Jaime Pieras, Jr.,* abogados de las peticionarias; *R. Rivera Zayas, G. Rivera Cestero* y *Milton F. Rúa,* abogados del interventor, demandante en el pleito principal.

EL JUEZ ASOCIADO SEÑOR PÉREZ PIMENTEL emitió la opinión del Tribunal.

Expedimos dos autos de *certiorari* bajo los números del epígrafe para revisar actuaciones del Tribunal Superior relacionadas con la apelación y revisión por *certiorari* de una sentencia dictada por el Tribunal de Distrito. Los hechos son como sigue: En abril 9 de 1953 Laurence R. Conrad radicó en el Tribunal de Distrito, Sala de San Juan, bajo el número civil 53–871, una acción en cobro de dinero contra la Bull Insular Line, Inc., y Home Insurance Company. En 18 de mayo las demandadas presentaron una "Moción de Desestimación" alegando en cuanto a la Bull Insular Line, Inc., que los hechos expuestos en la demanda no constituían una causa de acción, y en cuanto a la otra codemandada Home Insurance Company que la póliza de seguro extendida por ella al demandante no cubría los daños alegados en la demanda. Dicha codemandada acompañó e hizo formar parte de su moción una declaración jurada del presidente de William Munch, Inc., agente suyo en Puerto Rico, a la cual adhirió una copia de la póliza.

Después de oír a las partes sobre dicha moción, el Tribunal de Distrito dictó sentencia en 24 de agosto de 1953 declarando con lugar la demanda y condenando a la demandada Bull Insular Line, Inc., a pagar al demandante la suma de $767 más $50 para costas, gastos y honorarios de abogado. (¹) Ambas demandadas solicitaron por moción la reconsideración

---

(¹) En el expediente original del caso figura una moción del demandante solicitando el señalamiento de la "Moción de Desestimación", y luego figura la sentencia de 24 de agosto de 1953. No hay una minuta de la vista celebrada para discutir la moción de desestimación. Sin embargo, en la carátula del expediente aparece una nota aparentemente firmada por el ex-juez Monserrate, quien fué el que intervino en dicha vista, que dice así: "Observaciones: Solicitud de desestimación en cuanto a la Bull sometida sin argumentación por sus méritos en cuanto a la Home Insurance Company por lo que especifica el contrato, F.P.A. clause, según Regla 56 —La Corte resolverá. 8–13–53. (Fdo. F. Monserrate)"

de la sentencia. (²)    El tribunal dió curso a esta moción señalando su vista para el día 25 de septiembre de 1953 y luego de celebrada ésta dictó una resolución en 16 de octubre de 1953 declarando sin lugar dicha Moción de Reconsideración. (³)

En octubre 23 de 1953 las demandadas radicaron una solicitud de *certiorari* ante el Tribunal Superior para revisar la sentencia del Tribunal de Distrito.    Cinco días después, o sea, el día 28 de octubre fué expedido el auto solicitado. Antes de esta fecha, o sea, el 26 de octubre, las demandadas habían radicado en el tribunal sentenciador un escrito apelando de la sentencia.    Mas adelante nos referiremos al curso seguido por esta apelación.

---

(²) En el apartado 4 de la Moción de Reconsideración las demandadas alegaron lo siguiente:

"4. Que según podrá ver el Hon. Juez por una simple lectura de la alegación radicada por dichas demandadas, lo único que en agosto 13, 1953 se le sometió al tribunal para su decisión fueron las cuestiones previas levantadas por la moción de desestimación radicada por las demandadas. Verá además el Hon. Juez, que el caso no se encontraba ni se encuentra listo para juicio, ya que ninguna de las demandadas ha radicado su contestación, cosa que a nuestro juicio hacía improcedente la sentencia dictada por el tribunal en agosto 24, 1953."

(³) El texto de dicha resolución es como sigue:

"Resolución

"Llamado este caso para el incidente sobre reconsideración solicitada por la parte demandada, compareció la parte demandante asistida de su abogado Lic. Milton F. Rúa y la otra parte asistida de su abogado el Lcdo. P. Juvenal Rosa.    El caso quedó sometido por memorándum de la parte demandante de fecha 25 de septiembre de 1953.

"En lo que respecta a dicha parte, el demandante por su abogado sometió el incidente por lo resuelto en el caso del Tomo 72 D.P.R. página 260. · La parte demandada solicitó un término adicional para someter un memorándum, lo que no ha hecho hasta la fecha.

"*Considerando* los puntos envueltos en esta reconsideración solicitada, el tribunal entiende que los hechos y la jurisprudencia están en favor del demandante y por la presente declara sin lugar la solicitud de reconsideración, quedando en su consecuencia en toda su fuerza y vigor la sentencia dictada en este caso de agosto 24 de 1953.

"Dada en cámara hoy 16 de octubre de 1953.

· · "Regístrese y Notifíquese.

"Fdo.—F. Monserrate
"Francisco Monserrate
"Juez" ·

En cumplimiento del auto de *certiorari* el Tribunal de Distrito elevó al Tribunal Superior los autos originales de la causa.    Intervino entonces el demandante y solicitó que se anulara el auto expedido porque (1) el Tribunal Superior de Puerto Rico no tiene facultad, competencia ni estatuto que le permita expedir *certiorari* contra actuaciones del Tribunal de Distrito, y (2) no procede el recurso de *certiorari* cuando existe el derecho de apelación.    Después de celebrarse la vista correspondiente el tribunal a quo dictó sentencia anulando el auto de *certiorari* que había expedido.    Para revisar esa sentencia expedimos un auto de *certiorari*.

Antes de entrar a considerar los méritos de las cuestiones envueltas en este recurso veamos lo que ocurrió con el trámite de la apelación.    Ya hemos visto que el escrito de apelación fué radicado en el Tribunal de Distrito el día 26 de octubre de 1953.    En 3 de noviembre del mismo año las demandadas radicaron ante el propio Tribunal de Distrito una moción informando a dicho tribunal que dentro de 20 días a partir de la interposición de la apelación radicarían una transcripción de autos en sustitución de la relación del caso, en vista de que no se había presentado prueba.    Luego solicitaron una prórroga.    En 7 de diciembre de 1953 quedó radicada la referida transcripción de autos en el Tribunal de Distrito.    No fué hasta el 23 de febrero de 1954 que dicha transcripción fué elevada al Tribunal Superior con una nota de la Secretaria explicando que no se certificaba dicha transcripción porque los autos originales se encontraban en el Tribunal Superior. En marzo 23 las demandadas radicaron una moción en el caso de *certiorari* alegando que la transcripción de autos para la apelación había sido radicada en el susodicho caso de *certiorari* y solicitaron que se procediera "a abrir un caso aparte y separado como un nuevo caso en apelación y trasladando del presente caso número 53–4197 los autos originales aquí radicados al expediente de este caso en apelación".    En 5 de mayo de 1954 el demandante-apelado radicó en el Tribunal Superior una moción solicitando la desestimación de la apelación.    Se

opusieron las demandadas, el tribunal oyó a las partes y en 26 de mayo de 1954 dictó una resolución desestimando la apelación, fundándola en que el apelante no había dado cumplimiento a las Reglas que gobiernan las apelaciones del Tribunal de Distrito al Tribunal Superior. Para revisar esta resolución también expedimos un auto de *certiorari*.

## La Sentencia del Tribunal Superior Anulando
## el Auto de Certiorari

██ La solicitud de *certiorari* presentada por las demandadas ante el Tribunal Superior para revisar la sentencia del Tribunal de Distrito se fundó en que (1) el tribunal sentenciador cometió error de procedimiento al dictar sentencia cuando lo único que se le había sometido para su decisión fueron las cuestiones previas levantadas en la Moción de Desestimación y (2) la póliza excluía expresamente daños de la naturaleza de los que se alegan en la demanda por lo que el Tribunal de Distrito debió dictar sentencia desestimando la demanda en cuanto a la codemandada Home Insurance Company. Por su parte el demandante-interventor en dicho recurso alegó que el Tribunal Superior carecía de facultad para librar autos de *certiorari* para revisar las actuaciones del Tribunal de Distrito por tratarse de dos tribunales de igual categoría.

Al dictar la sentencia anulando el auto que había expedido, el Tribunal Superior resolvió (*a*) que tenía facultad para expedir el auto de *certiorari*; (*b*) que las peticionarias no le habían puesto en condiciones de resolver si en el Tribunal de Distrito se habían seguido los procedimientos correctos toda vez que no podía determinar si en la vista de la Moción de Desestimación celebrada el día 13 de agosto de 1953 el caso había quedado sometido para sentencia; y (*c*) que la apelación que habían interpuesto las peticionarias era un remedio más adecuado para revisar la sentencia atacada, y que el Tribunal no debía salirse de la cautela aconsejada por el Tribunal Supremo al librar autos de *certiorari* contra los tribunales inferiores.

El tribunal a quo resolvió correctamente que tenía autoridad para expedir el auto de *certiorari*. La Ley de la Judicatura de 1952 no le privó de esa autoridad. El Tribunal de Primera Instancia se compone de dos secciones, una que se conoce como Tribunal Superior y otra que se conoce como Tribunal de Distrito. 4 L.P.R.A. sec. 61. Sin embargo, la competencia de una y otra Sección son distintas. 4 L.P.R.A. sec. 121 y sec. 181. La ley enumera taxativamente los asuntos de que una y otra Sección pueden conocer. ([4]) De acuerdo con la sec. 13 de la Ley de la Judicatura de 1952—4 L.P.R.A. sec. 121—el Tribunal Superior conocerá de los siguientes asuntos:

"(a) En lo civil:

"1.     .     .     .     .     .   .     .     .

"2.     .     .     .     .     .     ..     .

"3.     .     .     .     .     .   .     .

"4. De todo recurso, acción y procedimiento, incluyendo testamentarías, divorcios, y recursos legales especiales y *extraordinarios*, en relación con los cuales *el Tribunal de Distrito de Puerto Rico tenía jurisdicción* para la fecha en que esta Ley entre en vigor." (Bastardillas nuestras.)

La Ley Orgánica de la Judicatura de 1950 (Ley núm. 432 de 15 de mayo de ese año) disponía que el Tribunal de Distrito de Puerto Rico podía conocer de los siguientes casos:

"(a) En lo civil:

"(1) .     .     .     .     .     .     .     .

"(2) De todos los demás procedimientos, recursos, acciones y remedios sobre los cuales tenían jurisdicción, hasta la fecha en que entre en vigor esta Ley, las cortes de distrito de Puerto Rico."

---

([4]) La ley también dispone que "no se desestimará ningún caso fundado en haberse sometido a una sección sin jurisdicción o autoridad o a una sala de un tribunal sin competencia para ello". Con esta disposición se elimina la posibilidad de que una acción se desestime por haber sido presentada en la sala incorrecta, evitándose así problemas de jurisdicción y los perjuicios consiguientes para el litigante. La ley también dispone que el caso podrá ventilarse en la sección o sala en que se radique, por convenio de las partes y anuencia del Juez que presida dicha sala, o de no ser así será transferido para la sala o sección correspondiente. 4 L.P.R.A. sec. 62. Pero esto no milita en contra de la facultad del Tribunal Superior para revisar por certiorari las actuaciones del Tribunal de Distrito.

Precisamente uno de estos recursos o remedios a que se refiere el anterior inciso era el auto de *certiorari*.(⁵)   De suerte que ni la Ley Orgánica de la Judicatura de 1950, ni la Ley de la Judicatura de 1952 actualmente en vigor, privaron al anterior Tribunal de Distrito de Puerto Rico y al hoy Tribunal Superior, de la facultad que para expedir autos de *certiorari* tenían las antiguas cortes de distrito.

Por otro lado la contención del interventor de que el Tribunal Superior y el Tribunal de Distrito son tributables de igual categoría parece quedar debilitada por las disposiciones de la sec. 19 de la Ley de la Judicatura—4 L.P.R.A. sec. 122—que establece el derecho a apelar al Tribunal Superior de cualquier sentencia final del Tribunal de Distrito.

■■   Pasemos ahora a considerar los méritos de la sentencia recurrida.   Cuando las peticionarias radicaron su petición de *certiorari* ante el Tribunal Superior, éste pudo, en el ejercicio de su discreción, negar la expedición del auto. Dicho tribunal sabía entonces que la sentencia que se pretendía revisar por *certiorari* era apelable y que las peticionarias estaban todavía en tiempo para apelar de ella. Como regla general en el momento de expedirse el auto es que debe observarse la cautela aconsejada por este Tribunal, entre otros, en el caso de *Stiechll* v. *Corte Municipal*, 61 D.P.R. 519.(⁶)   Sin embargo, el tribunal a quo decidió expedir, como en efecto expidió, el auto solicitado.   En cumplimiento de dicho auto, le fueron elevados los autos originales de la causa. Además en el caso de *certiorari* se archivó la transcripción de autos que las demandadas habían preparado para que sir-

---

(⁵) El art. 671 del Código de Enjuiciamiento Civil (ed. 1933) dispone:
"Artículo 671.—El Tribunal Supremo y las cortes de distrito respectivas de Puerto Rico, quedan por la presente autorizadas y con facultad para expedir autos de *certiorari*."

(⁶) En distintas ocasiones hemos dicho que la expedición de un auto de *certiorari* descansa única y exclusivamente en la sana discreción del tribunal.   *Pérez* v. *Tribunal de Distrito*, 69 D.P.R. 4; *Pérez* v. *Corte*, 58 D.P.R. 450; *Sucn. Andrades* v. *Sosa*, 45 D.P.R. 732; *Robles* v. *Corte*, 44 D.P.R. 967, revocado por otros motivos en *Pérez* v. *Tribunal de Distrito*, supra.

viera de base a la apelación por ellas interpuesta. (⁷)   Dicha transcripción, que consistía de copia de los documentos que mencionamos al escolio 7, no contenía información adicional alguna sobre la controversia de si el caso fué o no sometido al tribunal de distrito para sentencia en la vista de la moción de desestimación.   De suerte, pues, que el tribunal a quo no hubiera estado en mejores condiciones de resolver la cuestión planteada dentro del recurso de apelación que dentro del recurso de *certiorari*.

Por otro lado, en la petición de *certiorari* se imputaba error al Tribunal de Distrito al no resolver como cuestión de ley que determinada disposición contenida en la póliza, excluía expresamente daños de la naturaleza de los alegados en la demanda, y que por lo tanto dicho tribunal erró al no dictar sentencia desestimando la demanda en cuanto a la Home Insurance Company.   El tribunal a quo debió también pasar sobre esta cuestión y no lo hizo.   Bajo las circunstancias expuestas, dicho tribunal actuó erróneamente al dictar sentencia anulando el auto de *certiorari* que había expedido. (⁸) En su consecuencia, la referida sentencia será dejada sin efecto y el caso le será devuelto para ulteriores procedimientos no inconsistentes con esta opinión.

En vista de la conclusión a que hemos llegado, es innecesario entrar a considerar los méritos del otro recurso de *cer-*

---

(⁷) Esto lo informaron las peticionarias al Tribunal en su moción de 23 de marzo de 1952, a la cual nos hemos referido antes en esta opinión. Dicha transcripción consiste de copias de la demanda, el emplazamiento, moción de prórroga, moción de desestimación, declaración jurada y la póliza de seguro, acompañada a dicha moción, moción de señalamiento, sentencia, notificación de sentencia, moción de reconsideración, señalamiento, resolución en reconsideración, notificación y escrito de apelación.

(⁸) Nuestra decisión en este caso no implica que un juez no pueda anular un auto de *certiorari* en la vista del recurso cuando el auto ha sido expedido impropiamente o por error o inadvertencia.   Véase *White* v. *State*, 31 S.E.2d 78, cert. denegado, 324 U. S. 864; *General Accident, Fire & Life Assur. Corp.* v. *Colyer*, 151 So. 717; *Ferlita* v. *Figarrota*, 145 So. 605; *Price* v. *Town of Earlham*, 157 N. W. 238 y *Adamson* v. *Gaultney*, 41 S.E.2d 657.   Lo que decidimos aquí es que las razones en que se fundó el tribunal a quo no justificaban la anulación del auto.

*tiorari*, núm. 2115, en el que está envuelta la resolución del tribunal a quo desestimando la apelación de las aquí peticionarias. A ningún fin práctico conduciría el que resolviéramos, en caso de que las peticionarias tengan razón, que dicha resolución es errónea. La corte a quo podrá revisar en el recurso de *certiorari* la sentencia dictada por el Tribunal de Distrito, tanto en lo que respecta a los alegados errores de procedimiento como a los de derecho sustantivo. *Pérez* v. *Tribunal de Distrito*, 69 D.P.R. 4. Se dictará una resolución en el caso núm. 2115, anulando el auto expedido y devolviendo al tribunal a quo los autos elevados a este Tribunal.