*964 TEXTO COMPLETO DE LA RESOLUCIÓN
Acuden ante este Tribunal los peticionarios, Chevron Puerto Rico LLC, The Shell Company (Puerto Rico) Limited, Esso Standard Oil (Puerto Rico), Caribbean Petroleum Corp. y Total Petroleum Puerto Rico Corp., para solicitarnos que revisemos una resolución emitida en corte abierta por el Tribunal de Primera Instancia, Sala Superior de San Juan el 21 de enero de 2009 y notificada a las partes el 27 del mismo mes y año. En la misma, el TPI denegó una moción que éstos presentaron para que dejara sin efecto el señalamiento de juicio en su fondo de este caso.
Los peticionarios acompañaron el recurso de certiorari con una moción en auxilio de jurisdicción para que paralicemos la celebración del juicio en cuestión.
Después de analizar la totalidad del expediente, así como la normativa aplicable, resolvemos denegar el auto de certiorari solicitado, así como la moción en auxilio de jurisdicción.
I
El caso de marras tuvo su origen el 6 de marzo de 2000 cuando el Sr. Jesús Trilla Piñero h/n/c Puerto Rico Motor Coach, Transporte, Instalación y Restauración de Muebles de Oficina, Inc., y otros (demandantes o recurridos) presentaron una demanda contra el Secretario del Departamento de Asuntos del Consumidor, el Estado Libre Asociado de Puerto Rico, la Asociación de Detallistas de Gasolina (ADG), The Shell Company (Puerto Rico) Limited, Esso Standard Oil Company (Puerto Rico), Total Petroleum Corp., Chevron Puerto Rico LLC y Caribbean Petroleum Corp. (demandados). Dicha demanda se formuló mediante una acción de clase al amparo de las disposiciones de la Ley Núm. 118 del 25 de junio de 1971, 32 L.P.R.A. see. 3341-3344, la cual contempla la acción de clase por consumidores de bienes y servicios, y al amparo de la Regla 20 de las de Procedimiento Civil, 32 L.P.R.A. Ap. Ill, R. 20. En la demanda, los demandantes alegaron, en esencia, que los distribuidores mayoristas de gasolina en Puerto Rico no habían transmitido a los detallistas de gasolina, y por consiguiente a los consumidores, el ajuste por temperatura que alegadamente recibieron en las compras de gasolina y diesel durante los años 1997 al 2005.
Por su gran complejidad y por las múltiples partes envueltas, el caso de autos ha tenido un largo y azaroso trámite procesal, el cual es innecesario aquí pormenorizar. Sin embargo, en lo pertinente al recurso que hoy nos ocupa, el 20 de agosto de 2008, el TPI celebró una vista de seguimiento en la que reservó en su calendario el mes de marzo de 2009 para la celebración del juicio en su fondo de este caso. El TPI señaló, no obstante, que separaría también varios días del mes de mayo.
Según surge del expediente, el 12 de septiembre de 2008, el TPI celebró otra vista de seguimiento. De la minuta de la vista, surge que el TPI expresó que el juicio en su fondo estaba pautado para los días 2, 3, 4, 5, 6, 9, 10, 11, 12, 13, 16, 17, 18, 19, 20, 24, 25, 26, 27, 30 y 31 de marzo de 2009 a las 9:00 de la mañana de cada día y para los días 4, 5, 6, 7, 8, 11, 12, 13, 14 y 15 de mayo de 2009 también a las 9:00 de la mañana de cada día. La minuta de esa vista fue notificada a las partes el 24 de septiembre de 2008.
Surge del expediente, además, que el TPI celebró vistas de seguimiento en este caso los días 3 y 23 de *965 octubre de 2008 así como el 19 de diciembre del mismo año. De las minutas de esas vistas, surge que el TPI reiteró en cada una de ellas los días que había pautado en su calendario, en los meses de marzo y mayo de 2009, para la celebración del juicio en su fondo. Según surge de los autos, las minutas de las referidas vistas fueron debidamente notificadas a las partes.
A su vez, el 14 de enero de 2009, el TPI celebró otra vista de seguimiento en la que los demandados le solicitaron que dejara sin efecto el señalamiento para juicio en su fondo. Alegaron que quedaban múltiples asuntos pendientes y que el caso no estaba maduro. A esos efectos, el TPI le ordenó a las partes presentar una moción detallando los asuntos pendientes. Según surge del expediente, los demandados presentaron dicha moción.
El 21 de enero de 2009 durante la celebración de una vista, el TPI denegó la solicitud de posposición del juicio. La minuta de la vista fue notificada a las partes el 27 de enero de 2009.
Inconformes con tal proceder, el 10 de febrero de 2009, los peticionarios comparecieron ante nos y plantean como único señalamiento de error el siguiente:

“Ante el hecho de que aún no se han concluido asuntos medulares en el caso, el TPI abusa crasamente de su discreción al no posponer la celebración del juicio en este caso. ”

El 12 de febrero de 2009, los recurridos comparecieron ante este Tribunal para oponerse a la moción en auxilio de jurisdicción que presentaron los peticionarios junto con su recurso de certiorari.
Con el beneficio de la comparecencia de ambas partes, pasamos a resolver.
II
El auto de certiorari es el vehículo procesal extraordinario utilizado para que un tribunal de mayor jerarquía pueda corregir un error de derecho cometido por un tribunal inferior. Véase: 32 L.P.R.A. see. 3491 et seq. Ahora bien, distinto al recurso de apelación, el tribunal de superior jerarquía tiene la facultad de expedir el recurso de certiorari de forma discrecional. Así pues, la expedición de un auto de certiorari descansa en la sana discreción de este Tribunal. García v. Padró, 165 D.P.R. _ (2005); 2005 J.T.S. 110.
El recurso de certiorari debe ser utilizado con cautela y sólo por razones de peso. Bull Insular Line v. Tribl. Superior, 79 D.P.R. 230, 236 (1956); Pérez v. Tribunal de Distrito, 69 D.P.R. 4, 7 (1948). Con el fin de que podamos ejercer de una manera sabia y prudente nuestra facultad discrecional de entender o no en los méritos los asuntos que son planteados mediante el recurso de certiorari, la Regla 40 del Reglamento del Tribunal de Apelaciones, 4 L.P.R.A. Ap. XXII-B, R. 40, establece los criterios que este .Tribunal deberá tomar en consideración para determinar si expide o no un auto de certiorari. Dicha Regla dispone:

“El tribunal tomará en consideración los siguientes criterios al determinar la expedición de un auto de certiorari o de una orden de mostrar causa:

(A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.

(B) Si la situación de hechos planteada es la más indicada para el análisis del problema.

(C) Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.

*966
(D) Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.

(E) Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.

(F) Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

(G) Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

De no estar presentes en la petición ante nuestra consideración alguno de los criterios anteriores, entonces procede que nos abstengamos de expedir el auto solicitado, de manera que se continúe con los procedimientos del caso, sin mayor dilación, ante el Tribunal de Primera Instancia. ”

De otra parte, es norma reiterada que el Tribunal de Primera Instancia tiene la labor indelegable de velar y garantizar que los procedimientos y asuntos ante su consideración se ventilen sin demora. Maldonado v. Secretario de Recursos Naturales, 113 D.P.R. 494, 497 (1982). A esos efectos, la Regla 1 de las de Procedimiento Civil, 32 L.P.R.A. Ap. Ill, R. 1, consagra el principio de que las controversias planteadas ante los tribunales deben resolverse de forma justa, rápida y económica.
Así pues, los jueces del Tribunal de Primera Instancia gozan de amplia discreción para gobernar los procedimientos ante su consideración, de forma tal que se pueda asegurar la más eficiente administración de la justicia. Vives Vázquez, v. E.L.A., 142 D.P.R. 117, 139 (1996). Al ejercer esa discreción, deben conseguir un balance justo entre el interés de que los pleitos se vean y resuelvan en sus méritos y el interés de no permitir demoras innecesarias en el trámite judicial para evitar congestión en los calendarios y todas las controversias y gastos que ello genera a las partes. Véanse Lluch v. España Service Sta., 117 D.P.R. 729 (1986); Fine Art Wallpaper v. Wolf, 102 D.P.R. 451 (1974).
El Tribunal Supremo a resuelto que “...los tribunales apelativos no debemos, con relación a determinaciones interlocutorias discrecionales procesales, sustituir nuestro criterio por el ejercicio de discreción del tribunal de instancia, salvo cuando dicho foro haya incurrido en arbitrariedad o craso abuso de discreción." Meléndez v. Caribbean Int’l. News, 151 D.P.R. 649, 664 (2000). Si su actuación se funda en una base razonable que no resulta perjudicial a los derechos sustanciales de una parte, debe prevalecer su criterio. Sierra v. Tribunal Superior, 81 D.P.R. 554, 572 (1959).
III
Los peticionarios cuestionan ante nos la determinación del TPI de negarse a posponer la celebración del juicio en su fondo en este caso. Dicho juicio está calendarizado para todos los días laborables del mes de marzo y para varios días del mes de mayo de 2009.
De un análisis del expediente claramente se desprende que desde el 20 de agosto de 2008, el TPI dispuso los días en los que se estaría celebrando el juicio en su fondo. Más aún, surge del expediente que en las minutas de las vistas celebradas el 12 de septiembre, el 3 y el 23 de octubre y el 19 de diciembre de 2008, el TPI reiteró que el juicio en su fondo se realizaría durante los meses antes mencionados. Sin embargo, no fue hasta el 14 de enero de 2009 que los peticionarios solicitaron al TPI que suspendiera la celebración del juicio.
A partir del momento en que el TPI señaló las fechas para el juicio en su fondo, esto es, en agosto de 2008, hasta el momento en que comenzará la celebración de dicho juicio, en marzo de 2009, las partes tenían más de seis (6) meses para prepararse para el mismo. No obstante, faltando poco más de un mes para que comience el juicio, los peticionarios solicitaron la suspensión del mismo, a lo cual el TPI se negó. Nada hemos hallado en el *967 expediente que nos mueva a intervenir con esa determinación.
■ Los jueces del tribunal de instancia vienen llamados a intervenir activamente para manejar los procesos ante sí y dirigirlos de forma tal que se logre una solución justa, rápida y económica de los casos. Por lo cual, de ordinario, respetamos las medidas procesales que los jueces de instancia toman en el ejercicio prudente de sil discreción para dirigir y conducir los procedimientos que ante ellos se siguen.
El juez que preside los procedimientos de este caso ha cumplido cabalmente con su deber ministerial de intervenir activamente para manejar los procesos que ante sí se dilucidan. Este es un caso en el que durante los últimos seis (6) meses se han celebrado vistas de seguimiento periódicamente, y en todas las minutas de dichas vistas, el TPI ha detallado las fechas en las que se celebrará el juicio. Es decir, las partes fueron advertidas en múltiples ocasiones sobre cuándo se celebrará el juicio y su deber es tener el caso listo para las fechas acordadas y dispuestas para su celebración.
Del expediente no surge que la actuación del TPI haya sido una arbitraria, caprichosa o que haya constituido un abuso de discreción. Tampoco surge que la decisión tomada pueda lesionar los derechos de las partes de forma sustancial. En ausencia de actuaciones arbitrarias, este Tribunal no sustituirá el criterio del TPI negándose a suspender el juicio, por el nuestro.
Cabe destacar que, dada la complejidad de este caso, el TPI reservó en su calendario todos los días laborables del mes de marzo y varios días del mes de mayo para la celebración del juicio en cuestión. Disponer ahora que el juicio debe ser pospuesto no sólo equivaldría a dilatar injustificadamente este caso, que lleva más de ocho (8) años litigándose ante el TPI, sino que redundaría en que la reservación que efectuó el TPI en su calendario se convierta en un ejercicio fútil.
Por otra parte, el principal argumento de los peticionarios para sustentar su planteamiento de que erró y abusó de su discreción el TPI al negarse a suspender el juicio, es que existen asuntos medulares del caso que están pendientes, los cuales supuestamente imposibilitan que el mismo comience. Específicamente alegan que aún están pendientes o incompletos los siguientes asuntos: la determinación de quiénes componen la clase y su redefinición final; la publicación del aviso de clase; la comparecencia al pleito de cierto grupo de demandados; la notificación de los informes periciales a los cuales alegan tienen derecho a reaccionar; el descubrimiento de prueba; y que se traigan al pleito los detallistas de gasolina que no son miembros de la ADG y que éstos sean certificados como clase.
De la detallada y extensa minuta de la vista celebrada el 21 de enero de 2009 se puede colegir que el juez que dirige los procedimientos de este caso posee pleno conocimiento sobre todos los asuntos que están pendientes en el mismo. [1] Al respecto, la minuta recurrida especifica:

“DISCUSIÓN SOBRE LA MOCIÓN DE ASUNTOS PENDIENTES Y SOLICITUD PARA QUE SE DEJE SIN EFECTO SEÑALAMIENTO DE JUICIO

Se procedió a discutir la moción presentada por los demandados. En la misma, éstos manifestaron que quedan una serie de asuntos pendientes y es por esto que entienden que no deben celebrarse las Vistas en su Fondo señaladas durante el mes de marzo.

A continuación, las razones por las cuales los demandados entienden que este caso no está listo para juicio:

-el perito de la ADG, José Herrero, aún no ha rendido su informe final.

*968
En cuanto a esta alegación, la Asociación de Detallistas se comprometió a que el informe del doctor Herrero será rendido no más tardar del 31 de enero del corriente.

-el Tribunal aún no ha emitido su decisión sobre la redefinición de la clase demandante;

-el Tribunal aún no ha emitido la orden escrita autorizando a la ADG a enmendar su demanda de co-parte

-deposiciones aún faltan por tomarse;

-los demandantes aún no han traído al pleito los detallistas de cada mayorista no-miembros de la ADG que representen a dicha clase;

-algunos testigos de los demandantes y de la ADG aún no han producido los documentos que se solicitaron en varias deposiciones;

-DA.C.O. aún no ha contestado el requerimiento de admisiones sometido ni ha producido los informes de monitoria (sic) solicitados mediante requerimiento de producción de documentos;

-los demandantes aún no han tomado las deposiciones a las compañías de alquiler de vehículos de motor.

En cuanto a este tema, los demandantes expresaron que aproximadamente para el 31 de enero del corriente, dichas compañías deben haber provisto la información requerida. Una vez recibida la misma, inmediatamente se les notificará a los demandados copia de la misma.

-aún no se han producido ni notificado muchas de las transcripciones de las deposiciones ya tomadas;

-no se ha emitido la notificación de Aviso de Clase;

-falta agotar alternativa de transacción;

-faltan informes de réplica al informe de la perito de la parte demandante, Lianabel Oliver-Bigas.

El Tribunal declaró No Ha Lugar la solicitud de suspensión del Juicio.” (Énfasis en el original).
Más aún, luego de analizar ponderadamente la minuta recurrida, concluimos que cada uno de los citados asuntos fue debidamente atendido por el TPI durante la vista. Por ejemplo, respecto a la redefinición de la clase, el TPI señaló que notificaría por vía de la Secretaría su determinación. Sobre la publicación del anuncio de clase, el TPI dispuso que dicho asunto sería atendido durante la vista del 4 de febrero de 2009 y que el anuncio sería publicado el 17 de febrero aproximadamente. Mientras que en relación a los demandados que no han comparecido al pleito, el TPI dispuso que la parte demandante debía solicitar la anotación de rebeldía de todos los demandados que no fueran miembros de la ADG, que estuvieran emplazados, y que aún así no hubiesen presentado su contestación a la demanda.
En la vista del 21 de enero de 2009, el TPI, además, estableció cómo se efectuaría el descubrimiento de prueba que restaba por realizarse en este caso. Particularmente, el TPI señaló las deposiciones que no se habían tomado y las fechas en que las mismas debían ser tomadas, así como ciertos documentos que faltaban por entregarse, los cuales las partes se comprometieron a proveer. En lo relativo a la entrega del informe pericial final del perito de la ADG, el TPI dispuso que el referido informe sería rendido a más tardar el 31 de enero de 2009 y surge del escrito de los peticionarios que el mismo ya fue entregado, toda vez que el perito decidió que el informe pericial preliminar sería su informe final. Así pues, el TPI expresó que los asuntos que quedaban por *969 discutir eran los siguientes: la posible mediación del caso para propósitos de transacción y la conveniencia de encomendar el caso a un Comisionado Especial.
Al tenor de lo anteriormente expuesto, concluimos que el juez que preside este caso está consciente de todos los pormenores del mismo, y como hemos visto, dio órdenes específicas con respecto a cada uno de los detalles pendientes o inconclusos. El juez que preside los procedimientos ha demostrado tener total control de su caso y este Tribunal no intervendrá con su manejo de los procedimientos.
Finalmente, cabe destacar que, en este caso, los peticionarios no han cuestionado las provisiones que el TPI tomó sobre cada uno de los asuntos que estaban pendientes o inconclusos. Los peticionarios únicamente aducen como señalamiento de error que el TPI abusó de su discreción al negarse a suspender el juicio. Como hemos discutido, no encontramos arbitrariedad alguna en dicha actuación.
Tomando en consideración los criterios dispuestos en la Regla 40 de nuestro Reglamento, supra, determinamos que en este caso no se encuentra presente criterio alguno que justifique nuestra intervención en esta etapa de los procedimientos. En consecuencia, procede que deneguemos el auto solicitado de manera que se continúe con los procedimientos del caso ante el TPI sin dilación alguna.
IV
Por los fundamentos anteriormente esbozados, denegamos la expedición del recurso de certiorari solicitado. Igualmente, denegamos la moción en auxilio de jurisdicción presentada por los peticionarios.
Notifíquese inmediatamente.
Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.
María Elena Pérez Ortiz Secretaria del Tribunal de Apelaciones
ESCOLIO 2009 DTA 44

1. Destacamos que los peticionarios no incluyeron en el apéndice del recurso de certiorari la moción que presentaron ante el TPI justificando la posposición del juicio. Sin embargo, en la minuta recurrida, el TPI detalló todos los asuntos del caso que aún estaban pendientes y presumimos que los asuntos allí mencionados son los que detallaron los peticionarios en su moción.