Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL ESPECIAL

| EL PUEBLO DE PUERTO RICO<br><br>Recurrido<br><br>v.<br><br>JUAN JOSÉ DE LA CRUZ NATERA<br><br>Peticionario | TA2026CE00162 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala Superior de San Juan<br><br>Caso Núm.: KLA2024G0207 AL 0229<br><br>Sobre: ART. 6.06 LEY 168 (23 CS) ART. 249 C.P. |

Panel integrado por su presidenta, la Jueza Grana Martínez, el Juez Ronda Del Toro y el Juez Sánchez Báez[1]

*Grana Martínez, jueza ponente*

**RESOLUCIÓN**

En San Juan, Puerto Rico, a 18 de marzo de 2026.

El peticionario Juan José De La Cruz Natera solicita que revisemos la denegatoria del Tribunal de Primera Instancia a concederle un juicio separado. Oportunamente, la Oficina del Procurador General presentó oposición al recurso. Los hechos esenciales para comprender nuestra determinación se expresan a continuación.

**I**

El peticionario fue acusado junto a otras personas por cuatro asesinatos y violaciones a la Ley de Armas. Durante la vista preliminar se determinó causa en su contra por poner en riesgo a la seguridad u orden público al disparar un arma de fuego. Artículo 249 del Código Penal, 22 LPRA sección 5339. Además, se determinó causa en su contra para acusar por veintitrés violaciones al Artículo 6.05 de la Ley de Armas, que tipifica como delito la portación,

---
[1] Conforme a la Orden Administrativa OAT 2026-013 donde designa al Hon. Isaías Sánchez Báez en sustitución de la Hon. Glorianne Lotti Ródriguez.

transportación y uso de armas de fuego sin licencia, 25 LPRA sección 466 (d). El tribunal determinó no causa por los asesinatos y la conspiración. No obstante, determinó causa contra los demás acusados por ambos delitos y por otras violaciones a la Ley de Armas.

Por su parte, la defensa presentó una moción urgente en la que solicitó la separación de juicios por los fundamentos siguientes. El Ministerio Público pretendía traer al juicio el testimonio no admitido de un testigo en vista preliminar, sobre manifestaciones hechas por los coacusados, antes, durante y después de la conspiración, El juicio conjunto (1) expondría al peticionario a prueba de referencia, sin la oportunidad de contrainterrogar a los declarantes y (2) causaría prejuicio en el jurado, porque iba a relacionarlo a los asesinatos y a otros delitos por lo que no se determinó causa para acusar en su contra.

El Ministerio Público alegó que no se cumplían los requisitos para conceder juicios separados por las razones siguientes. Las manifestaciones eran admisibles contra todos los coacusados y una excepción a la prueba de referencia, porque fueron hechas en el curso de una conspiración. Regla 803 (e) de Evidencia. Las controversias sobre admisibilidad tenían que dilucidarse en el juicio, independientemente fuera separado o conjunto. El jurado tenía que escuchar la misma evidencia, aun en juicios separados, debido a que los cargos por ley de armas contra el peticionario estaban íntimamente relacionados con los hechos que sustentaban los asesinatos.

El TPI denegó la solicitud de juicios separados, porque (1) la defensa no demostró los criterios establecidos en la Reglas 90 y 91 de Procedimiento Criminal y (2) la prueba sobre los asesinatos era la misma que se necesitaba para probar los cargos contra el peticionario. El foro primario partió de la premisa de que las

manifestaciones cuestionadas por el peticionario eran admisibles. No obstante, no pudo determinar, si le eran adversas, porque nunca especificó ni identificó las manifestaciones a las que se refería. Por consiguiente, denegó la solicitud de juicios separados.

Inconforme el peticionario presentó este recurso en el que alega que:

> Erró el Tribunal de Primera Instancia al aplicar incorrectamente el estándar de la Regla 90 de Procedimiento Criminal al no evaluar si la separación reduciría marcadamente el perjuicio que supone para el peticionario ser juzgado junto a coacusados enfrentando cargos de asesinato ante un jurado expuesto a prueba gráfica y altamente emocional no imputable a este.

> Erró el Tribunal de Primera Instancia al concluir que la prueba de los asesinatos seria sustancialmente la misma necesaria para probar los cargos del peticionario sin realizar un análisis concreto de admisibilidad y delimitación probatoria, resolviendo la controversia de forma prematura y abstracta.

## II

El certiorari es un recurso extraordinario mediante el cual un tribunal de jerarquía superior puede revisar a su discreción una decisión de un tribunal subalterno. 32 LPRA sec. 3491; *Pueblo v. Díaz De León,* 176 DPR 913, 917 (2009).

Cónsono con lo anterior, la Ley de la Judicatura del Estado Libre Asociado de Puerto Rico de 2003 establece que el Tribunal de Apelaciones tendrá autoridad para revisar, como cuestión de derecho, las sentencias finales del Tribunal de Primera Instancia, así como las decisiones finales de los organismos y agencias administrativas y, de forma discrecional, cualquier otra resolución u orden dictada por el Tribunal de Primera Instancia. 4 LPRA sec. 24 (u). El Tribunal de Apelaciones tiene competencia para atender mediante auto de certiorari, expedido a su discreción, cualquier resolución u orden dictada por el Tribunal de Primera Instancia. 4 LPRA sec. 24 (y).

Ahora bien, el auto de certiorari es un recurso altamente discrecional, razón por la cual la resolución denegando el mismo no tiene que ser fundamentada. H. A. Sánchez Martínez, *Práctica Jurídica de Puerto Rico, Derecho Procesal Apelativo*, Lexis Nexis de Puerto Rico, Inc., 2001, pág. 385; *Pueblo v. Tribunal Superior y González, Interventor*, 81 DPR 904, 911 (1960); *Pérez v. Corte*, 58 DPR 450, 451 (1941). Debe expedirse el mismo con cautela y por razones de peso. *Pueblo v. Díaz De León*, supra, pág. 918; *Pueblo v. Tribunal Superior*, 81 DPR 763, 767 (1960). En virtud del carácter extraordinario del mismo, debe limitarse a aquellos casos en que la ley no provee un remedio adecuado para corregir el error señalado. *Pueblo v. Díaz De León*, supra.

En armonía con lo anterior, la Regla 40 del Reglamento de este Tribunal, 4 LPRA Ap. XXII-B, R. 40, dispone que para expedir un auto de certiorari, este Tribunal debe tomar en consideración los siguientes criterios:

(A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.

(B) Si la situación de hechos planteada es la más indicada para el análisis del problema.

(C) Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.

(D) Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.

(E) Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.

(F) Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

(G) Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

**III.**

Un examen detenido del expediente nos lleva a concluir que no debemos ejercer nuestra discreción para expedir el recurso de certiorari. Esta decisión está basada en la ausencia de criterios que justifique nuestra intervención en esta etapa procesal.

**IV.**

Por los fundamentos antes expuestos, se deniega la expedición del auto de *certiorari.*

Lo acordó y manda el Tribunal y lo certifica la secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones